UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
In re:                                              Ch.11, Sub V.

RACHEL ONE HOLDING INC.,                            Case No.: 1-23-42184


                        Debtor.
-------------------------------------------------------------X

## APPLICATION TO RETAIN DAHIYA LAW OFFICES, LLC
## AS COUNSEL TO THE DEBTOR

The application of Rachel One Holding Inc. the debtor and the debtor in possession (the "Debtor") respectfully sets forth and alleges:

1.  Heretofore, on June 22, 2023 (the "Filing Date"), the Debtor filed a petition for reorganization under Chapter 11 of title 11 of the United States Code (the "Code"). The Debtor remains in possession of its assets and property pursuant to §§1107 and 1108 of the Code. On August 18, 2023, the Debtor filed an amendment to the filed Petition, making a Sub-V selection.

2.  The Debtor's petition and schedules indicate that the debtor owns a real property located at 130-35 91st Street, Queens, New York (Block 9358, Lot 39) (the "Real Property").

3.  The Debtor had a judgment of foreclosure and sale regarding the Real Property entered against it on April 27, 2023. And thus, the Real Property was scheduled for a foreclosure sale. To avoid the sale, the Debtor sought bankruptcy protection to reinstate the loan, adjudicate its claims and as well as cram down the underscored portion of the judgment amount.

3. The Debtor has the authority to retain the firm of Dahiya Law Offices LLC ("DLO") as bankruptcy counsel in this case, *nunc pro tunc,* as of June 22, 2023. The Debtor has selected DLO for the reason it has experience in reorganization and insolvency proceedings, especially of the issues involved herein, related to lenders liability and take over the collateral. The Debtor believes that DLO is well qualified to represent it in this chapter 11 case.

4. The professional services that DLO is to render can be summarized as follows:

1

a) Assisting and advising the Debtor relative to the administration of this proceeding;

b) Representing the Debtor before the Bankruptcy Court and advising the Debtor on all pending litigations, hearings, motions, and of the decisions of the Bankruptcy Court;

c) Reviewing and analyzing all applications, orders, and motions filed with the Bankruptcy Court by third parties in this proceeding and advising the Debtor thereon;

d) Attending all meetings conducted pursuant to section 341(a) of the Bankruptcy Code and representing the Debtor at all examinations;

e) Communicating with creditors and all other parties in interest;

f) Assisting the Debtor in preparing all necessary applications, motions, orders, supporting positions taken by the Debtor, and preparing witnesses and reviewing documents in this regard;

g) Conferring with all other professionals, including any accountants and consultants retained by the Debtor and by any other party in interest;

h) Assisting the Debtor in its negotiations with creditors or third parties concerning the terms of any proposed plan of reorganization;

i) Preparing, drafting and prosecuting the plan of reorganization and disclosure statement;

j) Assisting the Debtor in performing such other services as may be in the interest of the Debtor and the Estate and performing all other legal services required by the Debtor; and

k) Prosecuting such claims including those under 18 U.S.C. § 1964(c) a deemed appropriate including declarative lawsuits.

5. To the best of the Debtor 's knowledge, DLO has no connection with any of the Debtor's creditors or any other party in interest in this case, except that DLO retention as bankruptcy counsel to the Debtor in this proceeding, as set forth in the affirmation of Karamvir Dahiya, principal of the firm, annexed hereto and made a part hereof.

6. Annexed hereto as Exhibit "A" is Karamvir Dahiya's Affirmation indicating that neither he, nor attorneys employed by DLO, hold any interest adverse to the estate. And is "disinterested" as such term is defined in section 101(14) of the Bankruptcy Code, as modified by section 1107(b). DLO will not, while retained by the Debtor, represent any other party in interest in connection with this case.

7. Annexed hereto as Exhibit "B" is DLO 2016(b) Affirmation indicating that Karamvir Dahiya, Esq. has received a retainer of $25,000.00 which included the filing fees of $1738. DLO will charge fees and expenses incurred in representing the Debtor in these proceedings based on the normal rates charged by the attorneys

and paralegals of DLO for similar clients, currently firm's hourly rates which range from $700 for principal, $550 for counsel, $200 per hour to $350 per hour for associates time, $75--$125 for paralegals, plus reimbursement of out-of-pocket expenses. Such rates are subject to periodic review and change, usually on an annual basis. DLO will seek compensation for services rendered and expenses incurred upon appropriate application to the court pursuant to sections 330 and 331 of the Bankruptcy Code and Bankruptcy Rules.

8. DLO represents no interest adverse to the Debtor or to its estate in the matters upon which DLO is to be engaged and its employment is necessary and is in the best interests of the estate.

WHEREFORE, the Debtor seeks entry of the prefixed order and for such other and further relief as is just and proper.

Dated: New York, New York
September 12, 2023

/s/ George Fisher
_____
George Fisher

By: /s/*Karamvir Dahiya*
Dahiya Law Offices, LLC
75 Maiden Lane Suite 506
New York New York 10038


I, the undersigned as debtor certify under penalty of perjury that the foregoing statements are true and correct to the best of my knowledge and belief.

Dated: New York, New York
September 12, 2023

*/s/George Fisher*
George Fisher

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
In re:                                                Ch.11, Sub V.

RACHEL ONE HOLDING INC.,            Case No.: 1-23-42184


                                    Debtor.
-------------------------------------------------------------X


**<u>AFFIDAVIT IN SUPPORT OF RETENTION OF DAHIYA LAW OFFICES LLC</u>**

STATE OF NEW YORK )
                              ):ss
COUNTY OF NEW YORK )

        Karamvir Dahiya, being duly sworn, deposes and says under the penalty of perjury:

        1.        The firm of Dahiya Law Offices LLC ("DLO") maintains offices for the practice of law at 75 Maiden Lane Suite 606, New York New York 10038. I am the principal of the firm and duly admitted to practice before this Court.

        2.        DLO has agreed to render services to the Debtor, on a general retainer basis, at the firm's hourly rates which range from $700 for principal, $550 for counsel, $200 per hour to $350 per hour for associates time, $75--$125 for paralegals, plus reimbursement of out-of-pocket expenses.

        3.        Neither your affirmant nor any of DLO's attorneys have any connection with the creditors of the Debtor or any other party in interest or its respective attorneys.

        4.        Accordingly, DLO is disinterested as that term is defined in §101(14) of the Bankruptcy Code. DLO is not owed any sums for services rendered prior to the filing of the chapter 11 case.

        5.        DLO represents no interest adverse to the Debtor herein or its estate in the matters upon which it is to be engaged. DLO has received a payment of $25,000 which included the filing fees of $1738.00, regarding the Debtor's retention. The source of this payment was the debtor itself.

6.      DLO does not represent or hold any adverse interest with respect to the Debtors or family members or the matters on which it is to be employed.  To check and clear potential conflicts of interest in these cases, as well as determine all "connections" (as such term is used in Bankruptcy Rule 2014) to the Debtors, their creditors, other parties in interest, their respective attorneys and accountants, the United States trustee or any person employed in the office of the United States Trustee, DLO researched its client database for last 20 years to determine whether it has any relationships with any interested parties. DLO is a small law office focused on bankruptcy litigation and we know who our clients were in the past. We have not discovered any conflict in any manner.

Dated: New York New York
September 12, 2023

*/s/ Karamvir Dahiya, Esq.*
Karamvir Dahiya
Dahiya Law Offices LLC
75 Maiden Lane Suite 606
New York New York 10038
Tel: 212 766 8000

```
UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
In re:                                                  Ch.11, Sub V.

RACHEL ONE HOLDING INC.,                                Case No.: 1-23-42184


                        Debtor.
------------------------------------------------------------X
```

## STATEMENT UNDER RULE 2016(b) OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURES AND § 329 OF THE BANKRUPTCY CODE

Karamvir Dahiya ("Dahiya"), a principal of Dahiya Law Offices LLC (the "Firm"), pursuant to § 329 of the Bankruptcy Code (the "Code") and Rule 2016(b) of the Federal Rules of Bankruptcy Procedure, states that the Firm received a retainer of $25,000.00 (Twenty Five Thousand) regarding the debtor's case. All compensation to the Firm, including reimbursement of expenses, shall be paid on an interim or final basis in accordance with orders of this court following the submission of invoices, or upon the filing of appropriate applications for interim or final allowance of compensation pursuant to §§ 330 and 331 of the Code.

Dahiya further states that the Firm has not shared or agreed to share (a) any compensation or reimbursement with another person or entity, other than regular associates or individuals, of counsel to the Firm, or (b) any compensation or reimbursement received by another person.

Dated:  New York, New York
        September 12, 2023,                  Respectfully Submitted,

                                             Dahiya Law Offices LLC

                                             By:    /s/Karamvir_dahiya
                                                    Karamvir Dahiya (KD 9738)
                                                    75 Maiden Lane Suite 606
                                                    New York NY 10038
                                                    (212) 766 8000

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
In re:                                                    Ch.11, Sub V.

RACHEL ONE HOLDING INC.,                  Case No.: 1-23-42184


                           Debtor.
------------------------------------------------------------X

# ORDER AUTHORIZING EMPLOYMENT AND RETENTION OF BANKRUPTCY COUNSEL FOR THE DEBTOR

Upon the application (the "Application") of **Rachel One Holding Inc.,** the above-captioned debtor and debtor-in-possession (the "Debtor"), for entry an order, pursuant to section 327(a) of title 11 of the United States Code (the "Bankruptcy Code") and Rules 2014 and 2016(b) of the Federal Rules of Bankruptcy Procedure, authorizing the employment of Dahiya Law Offices LLC counsel to the Debtor; and upon the statement, declaration or affidavit of Karamvir Dahiya, which is annexed to the Application (the "Declaration"); and it appearing that Dahiya Law Offices, LLC is a "disinterested person" within the meaning of sections 101(14) and 327 of the Bankruptcy Code and does not hold or represent any interest adverse to the Debtor's estate; and this Court having determined that employment of Dahiya Law Offices LLC by the Debtor is in the best interests of the Debtor, its estate and its creditors; and adequate notice of the Application having been given; and after due deliberation and sufficient cause appearing therefor; it is hereby

ORDERED, that pursuant to section 327(a) of the Bankruptcy Code and Bankruptcy Rule 2014, the Debtor is authorized to employ Dahiya Law Offices, LLC as its bankruptcy counsel, on the terms and conditions set forth in the Application and Declaration, effective as of June 22, 2023; and it is further

ORDERED, that to the extent the Application or Declaration is inconsistent with this Order, the terms of this Order shall govern; and it is further

ORDERED, that Dahiya Law Offices, LLC shall seek compensation for its services and reimbursement of its expenses upon application to the Court, and upon notice and a hearing, pursuant to 11 U.S.C. §§ 330 and 331, Bankruptcy Rule 2016, E.D.N.Y.L.B.R.2016 and the

Guidelines of the Office of the United States Trustee; and it is further

        ORDERED, that Dahiya Law Offices, LLC shall apply the remaining amount of any pre-petition retainer as a credit towards post-petition fees and expenses, after such post-petition fees and expenses are approved pursuant to order the Court; and it is further,

        ORDERED, that prior to any increases in Dahiya Law Offices LLC's rates, shall file a supplemental affidavit with the Court and provide ten business days' notice to the Debtor, the United States Trustee and any official committee, which supplemental affidavit shall explain the basis for the requested rate increases in accordance with Section 330(a)(3)(F) of the Bankruptcy Code and state whether the Debtor has consented to the rate increase. The United States Trustee retains all rights to object to any rate increase on all grounds including, but not limited to, the reasonableness standard provided for in section 330 of the Bankruptcy Code, and all rates and rate increases are subject to review by the Court; and it is further

        ORDERED, that, notwithstanding any provision to the contrary in the Application or the Declaration, the Court may retain jurisdiction to hear and to determine all matters arising from or related to implementation of this Order.

_____
Hon. Elizabeth S. Stong

**NO OBJECTION:**
**WILLIAM K HARRINGTON**
**UNITED STATES TRUSTEE, REGION 2**

By: _____
    Nazar Khodorovsky

    Trial Attorney
    Office of the United States Trustee
    Region 2– Brooklyn Division
    Alexander Hamilton Custom House
    One Bowling Green, Room 510
    New York, New York 10004
    (202) 573-6935

Dated: New York, New York
    _____ \_\_, 2023