UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X
In re:                                                                    **Ch.11, Sub V.**

**RACHEL ONE HOLDING INC.,**                             **Case No.: 1-23-42184**


                                    Debtor.
----------------------------------------X

# ORDER AUTHORIZING EMPLOYMENT AND RETENTION OF BANKRUPTCY COUNSEL FOR THE DEBTOR ~~ON NUNC PRO TUNC BASIS~~ FOR A LIMITED PERIOD

Upon the application (the "Application") of **Dahiya Law Offices LLC (DLO) on behalf of Rachel One Holding Inc.,** the above-captioned debtor and debtor-in-possession (the "Debtor"), for entry an order, pursuant to section 327(a) of title 11 of the United States Code (the "Bankruptcy Code") and Rules 2014 and 2016(b) of the Federal Rules of Bankruptcy Procedure, authorizing the employment of Dahiya Law Offices LLC counsel to the Debtor for a limited duration; and upon the statement, declaration or affidavit of Karamvir Dahiya, which is annexed to the Application (the "Declaration"); and counsel Avrum Rosen, Esq. having filed a limited objection (ECF Doc. No. 62) and it appearing that Dahiya Law Offices, LLC was a "disinterested person" within the meaning of sections 101(14) and 327 of the Bankruptcy Code and does not hold or represent any interest adverse to the Debtor's estate; and this Court having heard the Application on January 10, 2024, determined that employment of Dahiya Law Offices LLC by the Debtor was in the best interests of the Debtor, its estate and its creditors; and adequate notice of the Application having been given; and after due deliberation and sufficient cause appearing therefor; it is hereby

ORDERED, that pursuant to section 327(a) of the Bankruptcy Code and Bankruptcy Rule 2014, Dahiya Law Offices, LLC is hereby approved as the counsel for the Debtor for limited duration on the terms and conditions set forth in the Application and Declaration, **effective as of June 22, 2023 until November 8, 2023** and it is further

ORDERED, that to the extent the Application or Declaration is inconsistent with this Order, the terms of this Order shall govern; and it is further

ORDERED, that Dahiya Law Offices, LLC ~~shall~~ ***may*** seek compensation for its services and reimbursement of its expenses from the estate upon application to the Court, and

upon notice and a hearing, pursuant to 11 U.S.C. §§ 330 and 331, Bankruptcy Rule 2016, E.D.N.Y.L.B.R.2016 and the Guidelines of the Office of the United States Trustee with all parties reserving their rights; ~~and its~~ and it is further

~~ORDERED, that Dahiya Law Offices, LLC shall apply the remaining amount of any pre-petition retainer as a credit towards post-petition fees and expenses, after such post- petition fees and expenses are approved pursuant to order the Court; and it is further,~~

ORDERED, that, notwithstanding any provision to the contrary in the Application or the Declaration, the Court may retain jurisdiction to hear and to determine all matters arising from or related to implementation of this Order.



Dated: Brooklyn, New York
January 24, 2024

_____
Elizabeth S. Stong
United States Bankruptcy Judge